FILED
 2015 Aug-17  AM 11:35
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVEON LAMARNCE CATHEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:12-cv-04115-MHH-SGC |
| OFFICER PATRICK MONK, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On July 10, 2015, the magistrate judge filed a report recommending the Court grant the defendants' motion for summary judgment. (Doc. 51). No party has filed an objection to the report or to the magistrate judge's recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party files timely objections to a report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. When no party objects, the district court does not have to conduct a de novo review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted).

In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* at 784. The Eleventh Circuit does not appear to have expressly held that a district court should review a report and recommendation for plain error in the absence of objections; however, other courts in this Circuit have adopted such a position. *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, applying a clearly erroneous standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (N.D. Ala. March 29, 2013) (portions of a report and recommendation "to which no objection is filed are reviewed only for clear error").

Having reviewed and considered the materials in the court file, including the report and recommendation and the video of the incident involving Mr. Cathey (Doc. 36-2), the Court

adopts the magistrate judge's report and accepts her recommendation. The Court finds that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, the Court GRANTS the defendants' motion for summary judgment. (Doc. 39. The Court denies Mr. Cathey's motion for summary judgment. (Doc. 49).

A Final Judgment will be entered.

**DONE** and **ORDERED** this August 17, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE